UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs                                         Case No.: 8:23-cr-00295-MSS-TGW

**JUAN ARIEL MOLINA-SALLES,**
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW, the Defendant, JUAN ARIEL MOLINA-SALLES, through undersigned counsel, and pursuant to 18 U.S.C. § 3553(a), and hereby moves this Honorable Court to vary below the advisory guideline range computed in the Presentence Investigation Report (PSR). Such a sentence is sufficient, but not greater than necessary to comply with the purposes of sentencing. In support of this motion, Mr. Molina-Salles states the following:

**I.  INTRODUCTION**

    **a.  Mr. Molina-Salles' Character and Background**

Mr. Molina-Salles is a 35-year-old loving father, caring partner, and hard worker. Faced with the difficult choice of remaining impoverished in Honduras, where he and his partner could barely meet basic needs, he made the painful decision to leave his family behind in hopes of improving their lives. He came to America to work so he could send money home. Unfortunately, that decision

ultimately led Mr. Molina-Salles into the American criminal justice system and before this Honorable Court for sentencing on charges related to the documents he used to secure employment.

### b. The Offense Conduct

This case involves Mr. Molina-Salles using another person's identity and Social Security number to obtain employment with Archer Western, a contractor enrolled in E-Verify. There is no allegation that he used this identity to open credit accounts, obtain government benefits, or engage in broader financial fraud. His misconduct was serious and unlawful, but it was motivated by the need to work, not by greed. While employed on the Pinellas County construction project, he was involved in the tragic construction-site accident that resulted in the death of a Pinellas County Sheriff's deputy. For that conduct, the State of Florida prosecuted him, and he received a twelve-year sentence for leaving the scene of a crash involving death. That state sentence fully addresses the loss of life and his failure to remain at the scene. The federal case is about the documents he used to obtain the job.

From the outset of this case, Mr. Molina-Salles has accepted responsibility. He entered a guilty plea and cooperated fully with the Presentence Investigation. He is deeply remorseful for his conduct, both in connection with the tragic accident and the identity-document offenses that led to his placement on that job site.

## II. GUIDELINES CALCULATION AND SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

Mr. Molina-Salles' advisory guideline range, as calculated in the PSR, is as follows: the grouped document-fraud counts (Counts Two and Three) carry a total offense level of 8. After a two-level reduction for acceptance of responsibility, the total offense level is 6. With a criminal history category II, the advisory guideline range for these counts is 1–7 months. Count One, aggravated identity theft, carries a mandatory 24-month term of imprisonment that must run consecutively to the sentence imposed on Counts Two and Three.

As this Court is aware, the guidelines are advisory. *United States v. Booker*, 543 U.S. 220 (2005). There is no presumption that a guideline sentence is reasonable. *Rita v. United States*, 551 U.S. 338 (2007). The Court must consider the advisory range alongside the factors set forth in 18 U.S.C. § 3553(a) and impose a sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

As further explained below, the § 3553(a) factors strongly support a downward variance, and the Court should exercise its discretion under U.S.S.G. § 5G1.3(d) to run that sentence concurrently with the undischarged twelve-year state prison sentence to achieve a sentence that is sufficient but not greater than necessary in Mr. Molina-Salles' case.

### a. Nature and circumstances of the offense and the history and characteristics of Mr. Molina-Salles.

The nature of the federal offense is serious. Again, Mr. Molina-Salles used another person's name and Social Security number to complete paperwork and obtain construction work with Archer Western. He did so because he was desperate to work and send money home. There is no evidence of a broader fraud scheme. He did not use the victim's identity to obtain credit cards, apply for loans, open bank accounts, or receive government benefits. Mr. Molina-Salles did not steal money from financial institutions or individuals. The harm here is real, as someone's identity was used without permission, but Mr. Molina-Salles' conduct is at the lower spectrum of identity theft: it was work-motivated, not greed-motivated.

Mr. Molina-Salles' history and characteristics justify a sentence below the guidelines. Born and raised in Choluteca, Honduras, in extreme poverty, he and his four siblings lived with their parents in a one-room dirt house that had no electricity, no running water, and an outhouse. The boys all slept in one bed, and the girls in another.

Like many others in his situation, Mr. Molina-Salles left school after the fourth grade to help support his family. Starting at age twelve, he worked long

hours at a mechanic shop in Honduras, gradually moving up from helper to operator to security guard. When he was twenty-two, Mr. Molina-Salles began working in the construction industry as an excavator. He then took on a series of construction and maintenance jobs, performing hard physical labor for very little pay. His earnings helped put food on the table and medicine in his parents' hands.

For twelve years, Mr. Molina-Salles has been in a committed relationship with Cindy Monjares Cruz, with whom he has a six-year-old son, Joshua. Ms. Monjares Cruz also has a twelve-year-old daughter from a previous relationship, whom Mr. Molina-Salles has helped raise. His family remains in Honduras and has long depended on him financially and emotionally.

In the attached character letters, Mr. Molina-Salles' neighbors and friends in Honduras describe him as a humble and hardworking man, respectful to his family and neighbors, generous to those around him, and dedicated to providing for his parents and his own young family. Several neighbors emphasize that his absence has left his family in a challenging economic situation, with no dependable source of support or access to medical care for his mother. (See Composite Exhibit A). Additionally, Mr. Molina-Salles' mother's doctor provided a medical certification stating that her "health status is delicate since she, her

husband, and her daughter depend financially on her son Juan Ariel Molina Salles." (Exhibit B)

Mr. Molina-Salles has no prior criminal history apart from the conduct underlying the state case. He did not grow up in a culture of crime; he grew up in a culture of scarcity. The same sense of obligation that drove him to help his family led him to take risks by entering the United States, incurring smuggling debts, and ultimately using someone else's identity to work.

**b. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Unquestionably, Mr. Molina-Salles recognizes the seriousness of this offense and understands that this Court should and will punish him accordingly. However, there are factors in this case that sufficiently mitigate and support a sentence below the guidelines. Such a sentence will clearly reflect the severity of the offense, promote respect for the law, and serve as just punishment. Extended incarceration is unnecessary to deter future conduct or protect the public. Mr. Molina-Salles has already faced significant consequences, including separation from his family and accountability for his actions. He will be deported after serving his sentence, further ensuring public safety.

### III.     CONCLUSION

For all the reasons set forth above, including Mr. Molina-Salles' background of extreme poverty and lifelong work, his lack of prior criminal history, his early acceptance of responsibility, his significant state sentence, his health issues, and his strong family ties and rehabilitative potential, Mr. Molina-Salles respectfully requests that this Honorable Court impose a sentence below the advisory guideline range to run concurrently with his undischarged twelve-year state sentence.

Such a sentence is "sufficient, but not greater than necessary" to impose a just punishment upon Mr. Molina-Salles and to satisfy the purposes of 18 U.S.C. § 3553(a).

Respectfully Submitted,

*/s/ Summer Rae Goldman*
Summer Rae Goldman
FBN: 0494615
Goldman Wetzel, PLLC
200 Central Ave. Suite 400
St. Petersburg, FL 33705
Telephone: (727) 828-3900
Facsimile: (727)828-3901
Summer@goldmanwetzel.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of December 2025, a true and correct copy of the foregoing was furnished using the CM/ECF system with the Clerk of Court, which will send notice of the electronic filing to the following:

Christopher Murray, AUSA

*/s/ Summer Rae Goldman*
Summer Rae Goldman